Doucoure v. Barr

BIA
A095 862 113

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.

PRESENT:
JOSÉ A. CABRANES,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

MAKAN DOUCOURE,
*Petitioner,*

v.                                                    18-2953
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:           Genet Getachew, Law Office of
                          Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:           Jeffrey Bossert Clark, Acting
                          Assistant Attorney General;
                          Brianne Whelan Cohen, Senior
                          Litigation Counsel; Robbin K.

Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Makan Doucoure, a native and citizen of Mauritania, seeks review of a September 26, 2018, decision of the BIA denying his motion to reopen. *In re Makan Doucoure,* No. A 095 862 113 (B.I.A. Sept. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

Doucoure moved to reopen his proceedings based on his support for an anti-slavery activist group while in the United States and the Mauritanian government's persecution of anti-slavery groups. It is undisputed that Doucoure's motion to reopen was untimely and number barred because it was his second motion to reopen filed more than 14 years after he was ordered removed. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i);

2

8 C.F.R. § 1003.2(c)(2). Although the time and numerical limitations do not apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), substantial evidence supports the BIA's conclusion that Doucoure failed to establish a material change related to the continued practice of slavery and suppression of anti-slavery groups in Mauritania since his 2004 proceedings, *see In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

At the time of his merits hearing in 2004, Doucoure submitted evidence describing the long history of slavery in

3

Mauritania, that the Mauritanian government had banned or refused to authorize several political parties, including anti-slavery non-governmental organizations, and that the government had detained the leader of an anti-slavery activist group. The evidence he submitted in support of reopening described similar conditions of the continued practice of slavery despite its illegality, the suppression of anti-slavery groups, and the arrest and imprisonment of supporters who campaign for abolitionist movements. Based on this record, the BIA was not compelled to conclude that conditions in Mauritania had materially worsened. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Jian Hui Shao*, 546 F.3d at 168–69. Accordingly, we find no abuse of discretion in the BIA's denial of Doucoure's motion to reopen as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

Because this basis for the denial of the motion to reopen is dispositive, we do not reach the BIA's alternate ruling that Doucoure failed to establish prima facie eligibility for

4

relief.  *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988) (agency may deny untimely motion for failure to show material change or for failure to establish prima facie eligibility); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5